[Cite as *State v. Hopkins*, 2019-Ohio-522.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| GEORGE HOPKINS | : | Case No. 2018CA00022 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal
                                  Court, Case No. 2017CRB5912




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 February 11, 2019




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JASON REESE                           AARON KOVALCHIK
KRISTINA M. LOCKWOOD                   116 Cleveland Avenue NW
218 Cleveland Ave SW                  Suite 808
Canton, OH  44702                     Canton, OH  44702

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant George Hopkins appeals the January 31, 2018 judgment of conviction and sentence of the Canton Municipal Court, Stark County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2017, appellant and his 12 year-old daughter S.H were living with their cousin, Josephine Gulling. On the morning of December 15, 2017, appellant became angry when S.H was slow to get out of bed for school. Appellant began yelling, struck S.H in the mouth, grabbed her by her hair and dragged her out of bed. Appellant struck S.H's head on the dresser in the process. Gulling came running when she heard yelling and witnessed appellant dragging S.H out of bed and spinning her around the room by her hair.

{¶ 3} As a result of the incident, S.H had a bump on her head and a headache. Before S.H went to school that day, Gulling advised her to speak with a counselor about what happened. S.H therefore reported the incident once she got to school. Stark County Sherriff's Department School Resource Officer, Deputy Christopher Ousley was dispatched to the school to investigate. Ousley then spoke with both Gulling and S.H who were seated in separate rooms. Their accounts of what took place were consistent.

{¶ 4} Ousley recruited Deputy Shane Simeck to assist as Simeck specializes in domestic violence cases. The two went to speak with appellant who denied intentionally grabbing S.H by the hair and causing her to strike her head on the dresser.

{¶ 5} Appellant was arrested and charged with one count of domestic violence pursuant to R.C. 2919.25(A). Appellant pled not guilty to the charge and elected to proceed to a jury trial which was held on January 21, 2018. S.H, Gulling, and the deputies

testified for the state. Appellant testified on his own behalf. After hearing the evidence and deliberating, the jury convicted appellant as charged. The trial court suspended a 180 day jail term and placed appellant on community control for two years.

{¶ 6} Appellant filed an appeal and the matter is now before this court for consideration. Appellant raises one assignment of error:

I

{¶ 7} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶ 8} In his sole assignment of error, appellant argues his conviction is against the manifest weight and sufficiency of the evidence. We disagree.

{¶ 9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only

in the exceptional case in which the evidence weighs heavily against the conviction."
*Martin* at 175.

{¶ 10} Appellant was charged with one count of domestic violence pursuant to R.C. 2919.25(A). In order to prove the charge, the state was required to produce evidence to demonstrate appellant knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶ 11} Appellant first argues the state failed to produce evidence to demonstrate that he caused or attempted to cause harm to S.H. In support of his argument, appellant points to the lack of photos, medical reports or testimony concerning any physical harm sustained by S.H. We note however, that both S.H and Gulling testified S.H had a bump on her head from the incident, and S.H testified she also had a headache. T.124, 145. Moreover, even if that were not true, the victim of a domestic violence need not suffer actual physical harm in order to support a conviction under R.C. 2919.25(A). Rather, an attempt to cause harm is sufficient. *State v. Ford*, 5th Dist. Stark No. 2012CA142, 2013-Ohio-1883 ¶ 16. We therefore reject appellant's argument.

{¶ 12} Next appellant argues that neither Gulling nor S.H were credible. It is well settled, however, that the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The jury was free to accept or reject any or all of the evidence offered by the parties and assess the witness's credibility. Indeed, the jurors need not believe all of a witness's testimony, but may accept only portions of it as true. *State v. Raver*, Franklin App. No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197

N.E.2d 548 (1964). Upon review, we find nothing to indicate the jury in this matter lost it way in making its credibility determinations.

{¶ 13} We find the state produced sufficient evidence to support appellant's conviction, and the conviction is not against the manifest weight of the evidence.

{¶ 14} The sole assignment of error is overruled.

{¶ 15} The judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.


By Wise, Earle, J.
Gwin, P.J. and
Baldwin, J. concur.


EEW/rw